IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| RANDY NOLAN GIBBS, AND | ) | |
| KATHLEEN ANN GIBBS, | ) | Case No. 20-20010-drd7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| DANIEL J. CASAMATTA, | ) | |
| ACTING UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Plaintiff. | ) | Adversary No. 20-2007-drd |
| | ) | |
| vs. | ) | |
| | ) | |
| RANDY NOLAN GIBBS and | ) | |
| KATHLEEN ANN GIBBS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON TRUSTEE'S MOTION TO SUBSTITUTE PARTY AND
DEFENDANTS' MOTION TO DISMISS**

Before the Court are a motion to dismiss as to defendant Randy Nolan Gibbs filed by defendant Kathleen Gibbs ("Defendant") and a motion to substitute party filed by the plaintiff U.S. Trustee (the "Trustee"). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, the Court denies Defendant's motion to dismiss and grants the Trustee's motion to substitute party.

Defendant debtor Randy Nolan Gibbs passed away January 29, 2022, while his chapter 7 bankruptcy proceeding and an adversary proceeding including claims for denial of discharge was on-going. Mr. Gibbs's wife and co-defendant, Kathleen Ann Gibbs, moved for Mr. Gibb's

1

dismissal from the adversary proceeding. The United States Trustee objected to the motion to dismiss and moved for substitution of Defendant as successor of Mr. Gibbs in the adversary proceeding. Defendant then filed a brief in support of Mr. Gibbs's dismissal and in opposition of the motion to substitute her in Mr. Gibbs's place.

Under the Federal Rules of Bankruptcy Procedure, the death of a chapter 7 debtor does not "abate a liquidation case" but rather the case will proceed as though the "death … had not occurred." Fed. R. Bankr. P. 1016. It should be noted that adversary proceedings are not distinct from the bankruptcy proceeding but rather components of a "single bankruptcy case." *In re Ellison*, 2019 WL 3183566, at *3 (Bankr. W.D. Ark. 2019) (citing Cohen v. Bucci, 905 F.2d 1111, 1112 (7th Cir. 1990)). If possible, the debtor's death "should not influence the administration or resolution" of the chapter 7 bankruptcy. *In re Peterson*, 897 F.2d 935, 938 (8th Cir. 1990). The bankruptcy estate is established and fixed at the "point in time" when the chapter 7 bankruptcy is filed, and the debtor's death does not end proceedings used in the liquidation process. *In re Gridley*, 131 B.R. 447, 450, 452 (Bankr. D.S.D. 1991). This includes the discharge, as it will relieve the debtor's probate representative "of liability for dischargeable debts" as if they were the debtor. *In re Bauer*, 343 B.R. 234, 237 (Bankr. W.D. Mo. 2006) (citing Sen. Rep. No. 95-989, 95th Cong., 2d Sess. 82-3 (1978) (legislative history regarding § 541)).

In her motion, Defendant argues that Mr. Gibbs should be dismissed from the adversary proceeding because he has passed, which is incongruent with Rule 1016. The proceedings should continue as if Mr. Gibbs's death did not occur. Additionally, the adversary proceeding concerns whether Mr. Gibbs can get a discharge and therefore needs to continue as the chapter 7 proceeding does not abate.

As for the substitution of Defendant for Mr. Gibbs, under Fed. R. Bankr. P. 7025, Fed. R. Civ. P. 25(a) applies in adversary proceedings which permits the Court to order a substitution of a proper party if the claim survives the debtor's death. A motion to substitute may be made by "any party" and must be made within 90 days of service of notice of death or the adversary must be dismissed. *Id.* The decedent's successor or representative are proper parties for substitution. *In re Baycol Products Litigation*, 616 F.3d 778, 783 (8th Cir. 2010). A successor can be the "primary beneficiary of an already distributed estate," someone named in a will, probated or not, as an executor of the estate, or the "primary beneficiary of an unprobated intestate estate which need not be probated." *Id.* at 784-85.

This adversary proceeding specifically falls under Fed. R. Bankr. P. 7025 and Fed. R. Civ. P. 25(a) which permits the court to substitute a party, in this case Defendant as proposed by the Trustee, in place of decedent defendant. Fed. R. Bankr. P. 1016 is applicable to the chief bankruptcy case, but Fed. R. Bankr. P. 7025 and Fed. R. Civ. P. 25(a) specifically govern the adversary proceeding. Rule 25(a) notes that "any party" is permitted to make a motion to substitute, including the Trustee. Rule 25(a) states that after 90 days, without substitution, the adversary proceeding must be dismissed. However, this is no longer applicable in Mr. Gibbs's case as a motion to substitute was filed before the 90 days ran.

As pointed out by the Trustee in the motion to substitute, Defendant owned estate property jointly with Mr. Gibbs and she will be distributed such property – making her the primary beneficiary of an unprobated intestate estate and an appropriate party to substitute. Defendant shares the same counsel as Mr. Gibbs and is already a party to the proceedings which also makes her a logical substitute. Defendant argues that she does not want to, and should not be forced, to be the party to substitute. However, Defendant did not suggest that she is not a proper successor

3

or who else might be able to be a substitute and the law does not suggest the substituted party needs to consent. It imposes no significant burden on her as the same claims are being asserted against her. Defendant had brought up in her motion to dismiss that allowing this adversary proceeding to continue would deny Mr. Gibbs the right to appeal the Court's ruling. If Defendant were substituted in the adversary proceeding, the Defendant's concern on Mr. Gibbs's inability to appeal would be solved as Defendant would be able to appeal any adverse ruling.

It is therefore

ORDERED that Defendant's motion to dismiss as to defendant Randy Nolan Gibbs be denied; it is further

ORDERED that the Trustee's motion to substitute Defendant in Mr. Gibbs's place is granted.

Dated: March 14, 2022                           */s/ Dennis R. Dow*
                                                                        The Honorable Dennis R. Dow
                                                                       United State Bankruptcy Judge